MATTER OF P—

In VISA PETITION Proceedings

A-12472655

*Decided by Board June 21, 1962*

Nonquota status—Orphans—Limitation of two to a family.

..he provision of section 205(c) limiting to two the number of petitions which may be approved for one petitioner in behalf of a child as defined in section 101(b)(1)(E) or (F) does not include those children issued special nonquota visas without a petition under section 4 of the Act of September 11, 1957, prior to its amendment by the *Act of September 9, 1959.* (Overrules *Matter of M—, 9—542.*

BEFORE THE BOARD

DISCUSSION: The petition herein was denied on April 17, 1962. The case came forward to the Board for review and final decision pursuant to certification by the Officer in Charge, Tokyo, Japan. Appeal by the petitioner was received subsequently.

The petitioner is a native-born United States citizen. He is serving in the United States Armed Forces in Japan. He filed this petition pursuant to section 205(b) of the Immigration and Nationality Act, as amended, requesting approval for nonquota immigrant visa status in behalf of the beneficiary, an adopted alien son, under section 101(a)(27)(A) of the Immigration and Nationality Act. The petitioner states that the beneficiary was born August 15, 1959, at Yokohama, Japan; and that the adoptive parents have had legal custody of such child during a period of two years after adoption, all of which time the child has resided with them. A court document showing the adoption is attached to the petition. The beneficiary is now in Tokyo, Japan, with the petitioner and his spouse. The family will come to the United States soon and reside in the State of Connecticut.

The issue presented is whether the petitioner is precluded, as a matter of law and precedent, from having this petition approved for nonquota immigrant visa status under section 101(a)(27)(A) of the Immigration and Nationality Act in behalf of the beneficiary, his adopted child (section 101(b)(1)(E) of the Immigration and Nationality Act, as amended), in view of the factual situation to be noted and the provisions of current law.

The evidence herein in our opinion shows there has been a valid adoption of the beneficiary. The petition has been denied on evidence of record showing that nonquota immigration visas were issued previously (on applications by this petitioner) for two alien children that were "eligible orphans" adopted by the petitioner and his spouse. The visas were issued on May 29, 1959, pursuant to section 4(a) and (b) of the Act of September 11, 1957 (Public Law 85–316).[1] The orphan children are still in Japan. The Officer in Charge has decided that the provisions of the immigration laws, specifically section 205(c) of the Immigration and Nationality Act as amended on September 26, 1961 (Public Law 87–301), limit the number of nonquota visas that may be issued and/or the number of visa petitions that may be approved for one petitioner in behalf of a "child" as the term is defined in section 101(b)(1)(E) and (F) of the Immigration and Nationality Act to two, and has denied the petition on that basis.[2]

---

[1] This petitioner obtained two special nonquota visas on May 29, 1959. At that time the term "eligible orphan" was defined in section 4(b) of the Act of September 11, 1957, and the procedure to obtain a special nonquota visa was set forth in section 4(a) of the Act. Under that statute an orphan adopted by an American citizen automatically became entitled to a special nonquota visa on application of the citizen petitioner to the United States consular service. (Note 1! *Montgomery* v. *Ffrench*, 299 F.2d 730 (C.C.A. 8, 1962)) Section 4(a) (repealed by section 24(a) of the Act of September 26, 1961) reads as follows:

On or before June 30, 1959, special nonquota immigrant visas may be issued to eligible orphans as defined in this section who are under fourteen years of age at the time the visa is issued. Not more than two such special nonquota immigrant visas may be issued to eligible orphans adopted or to be adopted by any one United States citizen and spouse, unless necessary to prevent the separation of brothers and sisters.

[2] The pertinent statute defining "adopted child" and a "child who is an eligible orphan" is section 101(b)(1)(E) and (F) of the Immigration and Nationality Act, as amended by section 2 of the Act of September 11, 1957 (Public Law 85–516); also, as further amended by section 2 of the Act of September 26, 1961 (Public Law 87–301). Category "E" was added to section 101(b)(1) for the first time in 1957. Category "F" was added by the amendment on September 26, 1961. The statute, as amended, provides:

(b) As used in titles I and II—

(1) The term "child" means an unmarried person under twenty-one years of age who is—

* * * * * *

(E) a child adopted while under the age of fourteen years if the child has thereafter been in the legal custody of, and has resided with, the adopting parent or parents for at least two years: * * *

(F) a child who is an eligible orphan, adopted abroad by a United States citizen and spouse or coming to the United States for adoption by a United States citizen and spouse: * * *

The term "parent" is defined in subsection (2) as follows:

(2) The terms "parent", "father", or "mother" mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in (1) above.

751

This petition, filed March 7, 1962, is to be adjudicated under current law, that is, the Immigration and Nationality Act as amended on September 26, 1961. The procedure for obtaining nonquota or preference quota status in behalf of an alien is outlined in section 205(b) of the Immigration and Nationality Act, as amended, which currently provides in part as follows:

(b) Any citizen of the United States claiming that any immigrant is his * * * child and that such immigrant is entitled to a nonquota immigrant status under section 101(a)(27)(A), * * * may file a petition with the Attorney General. * * *

This petitioner has not heretofore filed a visa petition under section 205(b) in behalf of a "child adopted" as the term is defined in section 101(b)(1)(E) of the Immigration and Nationality Act. Nor has he filed a visa petition in behalf of an eligible orphan child as defined in section 101(b)(1)(F) and section 101(b)(6) of the Act. The question we must decide is whether this petition may be approved when two nonquota visas have already been issued for orphan children on request of the petitioner on May 29, 1959. We emphasize the fact that nonquota visas for those children were obtained without approved visa petitions filed pursuant to section 205(b) of the Immigration and Nationality Act, as amended. The question is narrowed to a determination whether those children are to be included in the limitation in section 205(c) of the Immigration and Nationality Act, as amended by section 3(b) of the Act of September 26, 1961 (Public Law 87-301), to forbid the approval of the instant petition. Section 205(c) currently reads:

* * * Not more than *two such petitions may be approved for one petitioner in behalf of a child* as defined in section 101(b)(1)(E) or (F), unless necessary to prevent the separation of brothers and sisters. * * *

At the outset it is important to note that the provisions of section 205(c), Immigration and Nationality Act, quoted in the preceding paragraph, with respect to a child who is an eligible orphan as defined in section 101(b)(1)(F), relate to visa petition procedure under section 205(b) and is new legislation. As such, we do not believe the limitation therein was intended to revert back and include eligible orphan children to whom special nonquota visas were issued under *special legislation*, now repealed, under which a visa petition was not required. It is our opinion that Congress intended, through visa petition procedure, to establish safeguards for alien orphan children in each case before a child could be brought to the United States; and that only those children who are beneficiaries of visa petitions come within the limitation allowing only two orphans to each petitioner. The language in section 205(c), therefore, should be literally construed so that the benefits intended under the

new legislation will result.[3] This interpretation of the wording in section 205(c) is drawn from the fact that the emphasis is clearly on the *number of visa petitions that may be approved for one citizen* in behalf of a child in category "F" of section 101(b)(1), and not on the number of nonquota visas that have been issued to eligible orphans where no visa petitions were filed and approved.[4]

We, therefore, construe the context of section 205(c) of the Immigration and Nationality Act to mean simply that a limitation of *two is placed on the number of visa petitions that may be approved by the Attorney General for one petitioner* in behalf of a child adopted, or an eligible orphan child, as those terms are defined in section 101(b)(1)(E) and (F) of the Act. We find that Congress has, in current legislation, provided a visa petition procedure for eligible orphan children by reason of relationship; and that only orphan children who are the beneficiaries of visa petitions come within the provisions of section 205(c) to limit two orphan children to each petitioner. Any other interpretation or construction of the language in the statute, it seems to us, would be reading meaning into it that is not there. In this connection we have not overlooked the distinction between the procedure under the 1957 Act to obtain nonquota status for an eligible orphan and the procedure requiring approval of a visa petition in every case. The definition of the term "eligible orphan" was added to section 101(b), contemporaneously with the amendment to section 205(c) on September 26, 1961 (Public Law 87–301).[5] That definition states that an "eligible or-

---

[3] In *Matter of M——*, 9—542, the Assistant Commissioner, Immigration and Naturalization Service, denied a visa petition in behalf of an eligible orphan child, presented for approval under current law by interpreting the provisions of section 205(c) to be a continuance of the limitations in prior legislation relating to eligible orphan children and to forbid a citizen to obtain nonquota status for more than two orphans. M——, the petitioner, had obtained nonquota visas for two orphans previously, one under the Refugee Act of 1953, and one under section 4 of the Act of September 11, 1957. Petition for nonquota status for a third child was denied. However, the decisions of the Immigration and Naturalization Service as precedents are not binding on the Board.

[4] Section 4 of the Act of September 11, 1957, was amended September 9, 1959 (Public Law 86–253) to require a petition for an orphan child. Under the rule of the instant case, two such approved petitions would, of course, preclude any further petition under section 205(c), as amended by section 3(b) of the Act of September 26, 1961 (Public Law 87–301).

[5] Section 101(b)(6) reads as follows:

(6) The term "eligible orphan" means any alien child under the age of fourteen *at the time at which the visa petition is filed pursuant to section 205(b)* who is an orphan because of the death or disappearance of both parents, or because of abandonment, or desertion by, or separation or loss from, both parents, or who has only one parent due to the death or disappearance of, abandonment, or desertion by, or separation or loss from the other parent, and the remaining parent is incapable of providing care for such orphan and has in writing irrevocably released him for emigration and adoption.

phan" means any alien child who is under the age of 14 years at the time at which the visa petition is filed pursuant to section 205(b) who is an orphan. The distinction is that an eligible orphan child under current law does not mean a child who has been issued a nonquota visa.

Construing the pertinent current legislation as we do, and applying fair humanitarian standards in the administrative adjudication of the issue so that the family unit will not be dissolved, we see no reason to preclude the approval of this petition.

ORDER: It is ordered that the petition be approved for nonquota visa status.